Tagged Opinion



**ORDERED in the Southern District of Florida on September 24, 2007.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In re:                                                          CASE NO. 07-12776-BKC-LMI

JORGE GONZALEZ,                                      Chapter 7

      Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION TO REDEEM COLLATERAL OF HOUSEHOLD BANK (SB), N.A./BEST BUY CO., INC.

This matter came before the Court on September 4, 2007, on Motion of the Debtor to Redeem Collateral of Household Bank (SB), N.A./Best Buy Co., Inc. The United States Trustee filed an Objection to the Motion to Redeem. Because I do not believe the Bankruptcy Code authorizes a debtor to redeem goods the debtor does not own, the Motion is DENIED.

### Factual Background

The Debtor filed for protection under chapter 7 of the United States Bankruptcy Code on April 19, 2007 (the "Petition Date"). On August 23, 2007, the Debtor filed a motion to redeem certain unidentified household goods (the "Goods"), purchased from Best Buy, and on which Goods Household Bank (SB), N.A./Best Buy Co., Inc. holds a lien. The U.S. Trustee filed an objection stating that the Debtor did not own the Goods, although he did pay for them. It is undisputed that the Goods the Debtor seeks to redeem were purchased by the Debtor and gifted

to his mother and his wife's parents. It is also undisputed that the Debtor does not live with either his mother or his wife's parents. Nonetheless, the Debtor argues he is entitled to redeem the Goods because they are undisputedly for "personal or household use" and he owes the debt that the Goods secure.

## The Right to Redeem

11 U.S.C. §722 provides that a chapter 7 individual debtor may "redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title. . . ."

The Debtor suggests that section 722 does not specifically require the property sought to be redeemed be owned by the Debtor, and, moreover, that the creditor in question did not object to the redemption sought. The latter point is irrelevant. Merely because a party chooses not to exercise its rights does not confer on this Court authority it does not have.[1] The former point is wrong. In fact, section 722 clearly requires that the Goods belonged to the Debtor on the Petition Date and were, at least initially, property of the estate. Section 722 only allows a debtor to redeem property that has been exempted or abandoned. 11 U.S.C. §522 authorizes a debtor to exempt certain *property of the estate*. 11 U.S.C. §554 authorizes a trustee to abandon *property of the estate*. With limited exceptions not applicable here, property that a debtor does not own on the petition date never becomes property of the estate.

That redemption is a right associated only with property of a debtor is supported by the legislative history of section 722. The Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93-137 (1973) (the "Commission Report"), notes that the right to

---

[1] Of course, the creditor and Debtor could have agreed to a price at which the creditor was willing to release its lien on the Goods, but the Debtor cannot use section 722 to effectuate such a compromise.

2

redeem "enables the debtor to retain the property, or to regain the property pursuant to redemption rights under nonbankruptcy law governing the creditor's lien, by paying its fair market value or, in the case of exempt property, the amount of the claim if it is less." *Id*. § 4-504, note 2; *reprinted in* App. B COLLIER ON BANKRUPTCY Pt. 4-701 (15th ed. 2006). The Commission Report further explains that the right of redemption "applies only if the debtor's interest in the property is exempt or has been abandoned." H.R. Doc. No. 93-137; *reprinted in* App. C COLLIER ON BANKRUPTCY Pt. 4-1522.   The "Report of the Committee on the Judiciary, United States Senate, to accompany S.2266," S. Rep. No. 95-989 (1978) (the "Senate Report"), echoes the Commission Report in noting with respect to section 722 that the right of redemption "applies only if the debtor's interest in the property is exempt or has been abandoned." *Id*., at § 722; reprinted in App. D COLLIER ON BANKRUPTCY Pt. 4-2045. The Senate Report further comments that the right of redemption "is personal to the debtor and not assignable." *Id*.

The restriction of the right to redeem to a debtor's property is a companion to the exemption provisions of the Bankruptcy Code.  As Collier's observes, "the right of redemption made more effective the policy behind exemptions."  6 COLLIER ON BANKRUPTCY ¶ 722.02[2]. As noted in the Commission Report, which notation was adopted into the "Report of the Committee on the Judiciary, House of Representatives, to accompany H.R. 8200," H.R. Rep. No. 95-595 (1977)(the "House Report"):

> The Commission's recommendation [regarding the right to redeem] furthers the policy underlying the recommendations as to exemptions.  For example, it does little good to allow the debtor an exemption of wearing apparel, household goods, or health aids subject to an indefeasible security interest securing a purchase-money obligation, if the debtor must pay more than the property is worth for the privilege of continuing to use the property.  The fair market value of such property is often substantially less than the amount owed and little if anything can be realized upon forced disposition of the property.

*Id.* at 127-128; reprinted in APP. C. COLLIER ON BANKRUPTCY Pt. 1221-1222 (15TH ed. 2006).

It is undisputed that the Debtor did not list the Goods on his bankruptcy schedules, nor did the Debtor seek to exempt the Goods on his bankruptcy schedules. In fact, had the Debtor done so it would have been a violation of the Bankruptcy Code since the Debtor did not, on the Petition Date, own the Goods. Because the Goods were never property of the estate, the Debtor has no authority under 11 U.S.C. §722 to redeem the Goods. *Accord, In re Tluscik,* 122 B.R. 728 (Bankr. W.D. Mo. 1991); *In re Pipes,* 78 B.R. 981 (Bankr. W.D. Mo. 1987).

Accordingly, it is ORDERED AND ADJUDGED that the Motion is DENIED.

# # #

Copies furnished to:
Jessica McMaken, Esq.
Ariel Rodriguez, Esq.

*Attorney McMaken shall serve a conformed copy of this order upon all parties in interest and shall file a Certificate of Service of same with the Clerk of the Court.*